ORDERED UNSEALED on 01/21/2025    s/ andreasar
SEALED

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br>    v.<br><br>EDGAR GUSTAVO ESCAMILLA,<br><br>                 Defendant. | Magistrate's Case No. '25 MJ193<br><br>COMPLAINT FOR VIOLATION OF:<br>Title 21, U.S.C., Sec. 841(a)(1) - Distribution of Controlled Substance;<br>Title 18, U.S.C., Sec. 2 – Aiding and Abetting;<br><br>[UNDER SEAL] (crossed out)<br>s/ A. Santiago (crossed out) |

The undersigned complainant being duly sworn states:

## Count 1

On or about April 20, 2022, within the Southern District of California, defendant EDGAR GUSTAVO ESCAMILLA, did knowingly and intentionally distribute 50 grams and more, to wit: approximately 872 grams of methamphetamine (actual), a Schedule II Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

*James Gillis*
James Gillis
DEA Special Agent

Sworn and attested to under oath by telephone, in accordance with Federal Rule of Criminal Procedure 4.1, this 15th day of January 2025. I also order that this complaint, probable cause statement, and arrest warrants be filed under seal.

*Mitchell D. Dembin*
The Honorable Mitchell D. Dembin
United States Magistrate Judge

## PROBABLE CAUSE STATEMENT

I, James Gillis, being duly sworn, declare under penalty of perjury that the following statement is true and correct:

## TRAINING AND EXPERTISE

I have been employed by the United States Department of Justice, DEA, as a Special Agent since June 2018. I am presently assigned to the DEA San Diego Field Division, Narcotic Task Force (NTF). During the course of my employment as a DEA Special Agent, I have investigated illicit controlled substance trafficking in San Diego and surrounding areas. In October 2018, I completed a 16-week Basic Agent's School at the DEA Academy in Quantico, Virginia, which included training and familiarization in the manufacture, cultivation, distribution, and abuse of all types of controlled substances.

I have had formal training and experience in controlled substance investigations and I am familiar with the manner in which controlled substances are manufactured, packaged, marketed, distributed, and consumed. I have received training in the identification of all types of controlled substances by sight and odor. I have participated in multiple arrests for controlled substances violations. I have also debriefed defendants, confidential sources, and witnesses who had personal knowledge regarding narcotics trafficking organizations. In addition, I have discussed the methods and practices used by narcotics traffickers with numerous law enforcement officers and confidential sources. I have also participated in many aspects of drug investigations, including but not limited to, undercover or confidential source buy operations, telephone toll analysis, records research, physical and electronic surveillance activities, and wiretap investigations.

The facts of this probable cause statement are based upon my first-hand knowledge, conversations I have had with other law enforcement officers involved in

this investigation and my review of the documentary evidence. The following is merely a summary of the evidence obtained during this investigation and does not reflect my entire knowledge of the investigation. In addition, the evidence discussed in this affidavit does not represent all of the evidence collected during the investigation.

## Overview Of Investigation

During the course of the investigation, agents identified Alexia Presley and Edgar Gustavo ESCAMILLA as drug traffickers operating in the Southern District of California. As discussed in more detail below, Presley and ESCAMILLA distributed approximately two pounds of methamphetamine to a DEA CS in April 2022. Presley was later charged and convicted in the Southern District of Illinois for other drug distribution charges and is currently in BOP custody. This controlled purchase was recorded and surveilled by agents.

The CS has been cooperating with investigators since January 2020. The CS has never been convicted of a misdemeanor or felony; however, the CS was arrested in January 2020 for California H&S Secs. 11378 (possession of methamphetamine for sale), 11351 (possession of a controlled substance for sale), and 11375(b)(2) (possession of a controlled substance). The criminal case related to the CS's arrest was dismissed in September 2021 in light of the CS's cooperation. Since February 2021, the CS has been cooperating for monetary value and has received approximately $40,000 in compensation. Investigators are not aware of any time during the CS's cooperation with law enforcement when the CS has knowingly given false information. Further, all of the information provided by the CS has been corroborated by further investigation. Investigators believe that the information provided by the CS is credible and reliable

## April 20, 2022: CS Purchase of 872 Grams of Methamphetamine from Presley and ESCAMILLA

Beginning in or about April 2022, the CS identified Alexia Presley as a drug trafficker operating in San Diego, CA. At the direction of agents, the CS arranged to purchase two pounds of methamphetamine from Presley in exchange for approximately $3,600.

On April 20, 2022, at approximately 11:47 a.m., agents met with the CS at a neutral location to prepare for a controlled purchase of two pounds of methamphetamine for $3,600.00 with Presley. The CS and the CS Vehicle were searched for contraband. No contraband was found.

At approximately 12:00 p.m., DEA Narcotics Task Force investigators met in the area of the Wal-Mart parking lot at 3425 Murphy Canyon Road, San Diego, CA 92123 to witness the controlled purchase.

At approximately 12:13 p.m., agents observed the CS park in the Wal-Mart parking lot. At approximately 12:14 p.m., the CS informed the agents that Presley was in the area.

At approximately 12:16 p.m., agents observed a Black Lexus SUV bearing CA/8XZJ975 (the vehicle PRESLEY is known to drive) park next to a White 2012 Jeep Cherokee bearing CA/8RCW934 and appear to exchange something through the windows of the vehicles with an individual sitting in the Jeep (later identified as Edgar Gustavo ESCAMILLA).

At approximately 12:17 p.m., agents observed the Lexus SUV park beside the CS, exchange something through the windows of the vehicles with the CS, and drive away. The CS subsequently confirmed receipt of the methamphetamine and Presley as the driver of the Black Lexus.

At approximately 12:20 p.m., the agents observed the Black Lexus SUV stop beside the White Jeep and agents observed PRESLEY hand the small manila envelope that agents recognized as being the manila envelope the deal money was concealed in to ESCAMILLA who was the sole occupant of the White Jeep.

At approximately 12:22 p.m., agents observed the White Jeep leave the Wal-Mart parking lot. Surveillance units followed the Jeep and maintained continuous visual contact.

At approximately 12:35 p.m., San Diego Police Officers conducted a traffic stop on the White Jeep on Interstate 5 under the F Street overpass. As a result of the traffic stop, it was revealed that the driver was Edgar Gustavo ESCAMILLA.

Subsequent DEA laboratory testing revealed that Presley and ESCAMILLA sold the CS approximately 872 grams of methamphetamine (actual).

Therefore, based on my training and experience, along with the above facts, I believe that ESCAMILLA distributed methamphetamine to the CS via Presley on April 20, 2022.

## Request for Sealing

It is further respectfully requested that this Court issue an Order sealing, until further order of this Court, all papers submitted in support of this complaint, including the probable cause statement and arrest warrant. Sealing is necessary because premature disclosure of the contents of this probable cause statement and related documents may cause the defendant to flee and may cause destruction of evidence and may have a negative impact on this continuing investigation.